UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 12-cv-01706-PAB-MJW

MEDTRONIC NAVIGATION, INC.,
a Delaware corporation,

       Plaintiff,

v.

SAINT LOUIS UNIVERSITY,
a Missouri benevolent corporation,

       Defendant.

---

**STIPULATION FOR DISCOVERY OF HARD COPY AND ELECTRONICALLY STORED INFORMATION**

---

I. **General Provisions.**

    A. Cooperation: The parties agree to conduct discovery in a cooperative manner. In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

    B. Preservation: The parties have agreed to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control, including a timely implementation of a litigation hold.

    C. Proportionality: The parties agree to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information, which includes electronically stored information ("ESI") and paper documents. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

    D. Cost-Shifting: Costs will be shifted for disproportionate ESI production requests (i.e., requests for inaccessible data, which may be determined to include legacy data) pursuant to Federal Rule of Civil Procedure 26. The parties agree to meet and confer on any disputes as to whether certain data is inaccessible.

- 1 -

## II. Preservation of Discoverable Information.

A. <u>Preservation Efforts</u>: Each party represents that it has taken reasonable steps to preserve reasonably accessible sources of ESI that it believes contains information relevant or reasonably likely to lead to the discovery of information relevant to the claims and defenses in this matter.

B. <u>Scope of Preservation:</u> Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

(1) Backup tapes and systems created for the sole purpose of disaster recovery or that are substantially duplicative of data that is more accessible elsewhere;
(2) Voicemails;
(3) Instant Messaging, except for instant messaging that has been logged in the ordinary course of business ;
(4) Residual, deleted, fragmented, damaged, or temporary data (e.g., data stored in a computer's RAM).);
(5) Deleted," "slack," "fragmented," or "unallocated" data on hard drives;
(6) Random access memory (RAM) or other ephemeral data;
(7) On-line access data such as temporary internet files, history, cache, cookies, etc.;
(8) Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere; and
(9) Other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

## III. Scope of Collection.

A. <u>Production Sources:</u> Hard copy (paper) documents and electronic documents/files from accessible electronic storage media such as personal computer hard drives, network servers, mobile devices, smart phones, external storage media, etc. will be produced if they are responsive to a party's discovery requests. In instances where documents exist in both hard copy (paper) and electronic format, the electronic files shall be produced.

B. <u>Search Strategies:</u> To reduce the cost of review and production, a party may elect to implement automated search strategies and technologies, including but not limited to technology assisted reviews, to assist in defining relevant collections of electronically stored information ("ESI"). When applying search strategies to emails collections, the search method employed by each party must be validated to ensure that both e-mails and their attachments are searched.

By performing searches using search terms reasonably calculated to capture all responsive documents and producing all relevant non-privileged documents located by these searches, each party will be deemed to have met its initial obligation to perform a reasonable investigation

- 2 -

IV. **Scope of Production.**

A. Duplication: To reduce the cost of review and production, parties may choose to use custodian level de-duplication to remove exact duplicate files from review and production. For non-email electronic files, the identification of duplicate files should be based on MD5 or SHA-1 hash values. Email duplicates should be identified based on algorithms that utilize at least the following email metadata fields: Date/Time Sent; Subject; From; To; CC; Email body. Family groups – parent and child documents – should not be separately eliminated unless both the parent and child documents are identical to another set of parent and child documents.

B. Handling of System Files with No Evidentiary Value: The parties shall undertake reasonable efforts to remove non-responsive system files from the ESI collection, including filtering the ESI collection against the National Software Reference Library (NSRL) National Institute of Technology (NIST) file listing prior to production.

C. Document Family Relationships: The parent-child relationships between documents and their attachments shall be maintained.

D. Password Protected Documents: The parties shall make reasonable efforts to obtain passwords for password-protected documents from the document custodian, and include such documents, to the extent they are relevant, in the production.

V. **Form of Production.**

A. Document Image Format: Paper documents and electronically stored information that is conducive to being displayed in an image form shall be produced as 300 dpi CCITT Group Four compression black & white single page tiff images. JPG and GIF image files shall be produced as color images and shall be delivered in either packbit compression tiff or jpeg images. Additionally, the requesting party may request that a reasonable number of documents (identified by production number) be re-produced in color image format.

Production images shall be endorsed with a sequential padded alphanumeric bates number (e.g. ABC000001) and appropriate protective declarations. No spaces or dashes shall appear between the production prefix (ABC) and the padded production number (000001). Production images shall be accompanied by a load file cross-referencing the corresponding page bates number endorsement.

Additionally, the requesting party may request that specific documents be subsequently re-produced in native format based on a showing that the native format of the specified documents is relevant to claims or allegations at issue in these proceedings, provided such native file does not contain any privileged information. In the event such file does contain privileged information, the producing party shall modify the native file accordingly, and produce a modified native file.

B. <u>Native File Production</u>: Electronic files that cannot be readily converted to an image format shall be produced with a tiff image placeholder and in their native file format. Examples of files that cannot readily be converted to image format include: spreadsheets (Excel), databases (Access), Autocad Drawings, audio files and video files. An exception will be made for such files that contain privileged information. The producing party shall have the option of producing these files in a redacted image format or as a modified native file.

Native files shall be accompanied by a load file cross-referencing the endorsed bates number on the corresponding tiff image placeholder page (e.g. ABC000001.xls). Native files containing protective declarations shall have the protective declaration endorsed on the placeholder page and as part of the load file cross reference.

C. <u>Processing/Production of Presentations (MS Powerpoint)</u>: Production images for presentations (Powerpoint) shall contain both the presentation slides and presentation notes.

D. <u>Processing/Production of Documents (MS Word)</u>: When converting documents (Word) to image format, the document shall be "printed" (converted to image format) to include track changes if the Track Changes feature has been enabled for the document.

E. <u>Searchable Text:</u> The production shall include searchable text files (.txt) for all of the textual production documents, with the exception of redacted documents (see § VII.B, *infra*). For documents maintained by the producing party in image or hard copy (paper) form, the producing party shall create searchable text files using Optical Character Recognition ("OCR") technology. For documents maintained by the party in electronic form, the producing party may opt to either use the extracted text of the "native" file or create searchable text files using OCR technology. The searchable text files should be created on a document level. Searchable text files should be accompanied by a load file cross-referencing the bates numbers of the corresponding pages being produced. Searchable text files shall be in the same file folder as the associated production images.

F. <u>Load Files:</u> Each production set shall be accompanied by a load file that unitizes the production images into their logical document and document attachment boundaries. Saint Louis University prefers a Concordance load file format. Medtronic prefers a Ringtail load file format (.mdb).

A Ringtail load file format requires the following:

    i. Level Structure in Export table must mirror the level structure of the image folders on the production media. Each folder/level should not exceed 5000 files.

    ii. Attachment information stored in host reference field of Export table.

    iii. Pages table containing a record for each single page tiff image.

G. <u>Metadata:</u> The exchange of select metadata fields significantly enhances the usability and search characteristics of the production set. Absent an agreement to the contrary, the following metadata fields and confidential designation information shall be provided in a delimited file for any production documents:

All Documents (Scans, Email and Electronic)

    i. Confidentiality Designation

Email and Electronic Documents

    ii. MD5 Hash; DocType (email, email attach, edoc, etc.)

Email Only

    iii. To; From; CC; BCC; Email Subject; Date Sent; Time Sent; Date Received, Time Received; Folder

Electronic Documents Only

    iv. Author; Date Last Modified; Title; File Name; Original Folder

## VI. Timeframe:

The parties will produce documents, including ESI, on a rolling production basis. The parties will communicate with each other about their respective priorities for production and agree to use good faith efforts to respond to reasonable requests for prioritized production, taking into account the volume of responsive information, its relative accessibility, efficiencies in the process of search and review, and additional processing time required for certain types of ESI. Each party reserves the right to supplement production as needed.

## VII. Document Review And Privilege:

A. All documents will be evaluated for responsiveness and/or relevance prior to production.

B. <u>Redacted Documents:</u> Where only a portion of a responsive document is deemed to be privileged, that document shall be produced in image format with the responsive portion of that document electronically redacted. The redaction label shall be clearly marked with label text identifying it as such. The searchable text files for redacted documents should consist of an OCR of the redacted production image.

C. <u>Privilege Review:</u> Each party will review all documents, including ESI, for privileged information prior to production. The parties agree that activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B). Documents withheld, or redactions of documents produced on privilege grounds will be identified in a privilege log.

The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be

exchanged. With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

D. Inadvertent Production:

Privileged information inadvertently produced in this matter, including any redacted searchable text, will be handled in accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 and addressed in the protective order.

## VIII. Production Delivery.

Media: Each electronic production shall be delivered on a single media. Depending on production size, productions may be produced and delivered on CD, DVD or portable hard drive with appropriate security keys and/or encryption.

## IX. Modification of This Protocol.

The parties may agree to modify this Protocol. Absent agreement by the parties, this Protocol may be modified for good cause by the Court. The parties agree to meet and confer and to make a good faith effort to resolve any disputes regarding any proposed modification to this Protocol before seeking relief from the Court.

Dated: December 14, 2012

/s/ Jason M. Lynch
Daniel M. Reilly
dreilly@rplaw.com
Jason M. Lynch
jlynch@rplaw.com
**REILLY POZNER LLP**
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

/s/ Kurt J. Niederluecke
Kurt J. Niederluecke
kniederluecke@fredlaw.com
Grant D. Fairbairn
gfairbairn@fredlaw.com
**FREDRIKSON & BYRON, P.A.**
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Telephone: (612) 492-7000
Facsimile: (612) 492-7077

ATTORNEYS FOR PLAINTIFF

MEDTRONIC NAVIGATION, INC.

Dated: December 14, 2012

/s/ Daniel E. Sakaguchi
James G. Martin
jmartin@armstrongteasdale.com
Daniel E. Sakaguchi
dsakaguchi@armstrongteasdale.com
**ARMSTRONG TEASDALE, LLP**
7700 Forsyth Boulevard
Suite 1800
St. Louis, MO 63105
Telephone: 314-621-5070
Fax: 314-621-5065

/s/ Ian R. Walsworth
Ian R. Walsworth
iwalsworth@sheridanross.com
**SHERIDAN ROSS P.C.**
1560 Broadway, Suite 1200
Denver, CO 80202-5141
Telephone: (303) 863-9700
Facsimile: (303) 863-0223

ATTORNEYS FOR DEFENDANT
SAINT LOUIS UNIVERSITY

Approved And Made An Order of
Court This 25th February 2013

By The Court

[signature]

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

5260081_1.DOC